UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
*www.flsb.uscourts.gov*

In re:

JONAS A. BELINASO,                                  Case No. 18-21600-RAM
                                                    Chapter 7
    Debtor.
_____/

**CHAPTER 7 TRUSTEE'S RESPONSE TO
ROSSMAN, BAUMBERGER, REBOSO & SPIER, P.A.,
MOTION FOR PROTECTIVE ORDER**

    MARCIA T. DUNN, as Chapter 7 Trustee (the "Trustee") of the above-captioned bankruptcy estate (the "Estate"), by and through undersigned counsel, hereby files this Response to *Motion for Protective Order as to DOC. 94* [D.E. 97] filed by Rossman, Baumberger, Reboso & Spier, P.A. (the "Motion") and states as follows:

**BACKGROUND**

    1.    On September 21, 2018 (the "Petition Date"), JONAS A. BELINASO (the "Debtor"), commenced the instant bankruptcy case with the filing of a voluntary petition for relief under Chapter 13, Title 11 of the United States Bankruptcy Code.

    2.    On October 24, 2018, the Debtor's §341 Meeting of Creditors was held and concluded.

    3.    Marcia T. Dunn is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

    4.    On January 22, 2019, Trustee's counsel conducted a Rule 2004 Examination of the Debtor ("Debtor's 2004").

    5.    Based on the Debtor's testimony during Debtor's 2004, it became apparent that Debtor had a claim, along with his wife and minor child, in connection with a medical malpractice

action which left their minor child with a disability (the "Malpractice Claim" or "Malpractice Action").

6. During Debtor's 2004, Debtor also testified that he waived his right to his interest in the Malpractice Claim but was unable to articulate the impact of his waiver, or the circumstances surrounding said waiver.

7. The Trustee obtained from Debtor's counsel a copy of a Waiver of Priority, Consent to Appointment of Guardian and Waiver of Notice of Bond executed by the Debtor on January 13, 2015 (the "Waiver") which Waiver was filed in the guardianship matter of the minor child.

8. During the course of Debtor's 2004 examination, Debtor also explained that he was subject to a criminal proceeding that was active from early 2012 to 2016, and that due to the criminal proceeding, he was under close scrutiny and could not have a bank account or other property in his name.

9. Trustee requires additional information regarding the Waiver and its impact on Debtor's entitlement to share in the Malpractice Claim recovery and if the Trustee holds any claims or causes of action as a result.

## THE FIRM'S 2004 EXAMINATION

10. On August 15, 2019, the Trustee filed and served a *Notice of 2004 Examination Duces Tecum and Subpoena of Rossman, Baumberger, Reboso & Spier, P.A.* [D.E. 94]. At no time did the Firm contact Trustee's counsel, as required by Local Rule 9073-1(D), to attempt to resolve the Motion without hearing.

11. A careful review of the Document Requests reveals that the Trustee is seeking documents with regard to the Debtor and Debtor's spouse's dealings with the Firm, and specifically requests that records be redacted for privilege [D.E. 94, Request 5].

12. Trustee has attempted to craft her document request in order to obtain records reflecting the financial dealings and settlement as it relates to the Debtor and Debtor's spouse, and not those, necessarily, of their minor child, with one exception. Request number 6, which requests documents which show the impact of Debtor's Waiver, if any, on the settlement of the claims of the minor child and Debtor's spouse.

13. The heart of the Firm's Motion goes to two issues, 1) the Firm's work product prepared in the Malpractice Action, and 2) correspondence claimed as attorney client privilege.

14. The Firm has not prepared a privilege log, but merely refuses to produce any documents.

15. The Trustee seeks the requested discovery for the purpose of analyzing whether Chapter 5, or any other 3rd party causes of action exist. Therefore, the Trustee believes the requested discovery is appropriate. *See Whyte v. Williams (In re Williams),* 152 B.R. 123 (Bankr.N.D.Tex.1992) (holding that trustee had the power to waive privilege in the case of an individual debtor where the trustee sought to pursue avoidance causes of action), and *Moore v. Eason (In re Bazemore),* 216 B.R. 1020 (Bankr.S.D.Ga.1998) (holding that trustee may waive privilege where no harm would come to the individual debtors and where waiver would not have a chilling effect on the attorney-client relationship);

16. It is the Trustee's position, with the filing of the Debtor's bankruptcy petition, he relinquished control over his evidentiary privileges made in connection with potentially avoidable transfers. *See Whyte v. Williams (In re Williams),* 152 B.R. 123 (Bankr.N.D.Tex.1992).

17. Without the requested discovery, the Trustee's efforts to investigate potential claims and causes of action, and administration of this Estate would be frustrated.

18. The Trustee has no objection to limiting the production to the extent necessary protect the confidential information of the minor child.

**WHEREFORE**, for the reasons set forth herein, the Chapter 7 Trustee, Marcia T. Dunn, respectfully requests this Court enter an Order: (1) denying Rossman, Baumberger, Reboso & Spier, P.A.'s Motion; (2) compelling Rossman, Baumberger, Reboso & Spier, P.A. to attend the taking of its Rule 2004 examination and production of the requested documents; and (3) granting such other and further relief as the Court deems just and proper.

Dated: September 26, 2019

                                         Respectfully Submitted,

                                         **DUNN LAW, P.A.**
                                         *Counsel for Chapter 7 Trustee, Marcia T. Dunn*
                                         66 West Flagler Street, Suite 400
                                         Miami, Florida 33130
                                         Phone: (786) 433-3866
                                         Fax:   (786) 260-0269
                                         joel.knee@dunnlawpa.com

                                         By:   /s/ *Joel S. Knee*
                                                  Joel S. Knee, Esq.
                                                  Fla. Bar No. 297488

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on September 26, 2019, upon all registered users in this case, and

ANDREW P. RODRIGUEZ, Esq
Rossman, Baumberger, Reboso & Spier, P.A.
9155 S. Dadeland Blvd, Suite 1200
Miami, FL 33156
rodriguez@rbrlaw.com
.

                                         By:   /s/ *Joel S. Knee*
                                                Joel S. Knee, Esq.
                                                Fla. Bar No. 297488